# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:23MJ50
ONE WHITE APPLE IPHONE )
)
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Middle_____ District of _____North Carolina_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | knowingly or intentionally possess with the intent to distribute a controlled substance |

The application is based on these facts:
See attached affidavit

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/S/ Benjamin L. Crocker
*Applicant's signature*

Benjamin L. Crocker, Special Agent, ATF
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 02/01/23

*Judge's signature*

City and state: Greensboro, North Carolina

L. Patrick Auld, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

*Property to be searched*

The property to be searched is as follows:

a. **TARGET DEVICE:** a white Apple iPhone with a black and white case.



**TARGET DEVICE** is currently located at the ATF Greensboro Field Office in Greensboro, North Carolina.

This warrant authorizes the forensic examination of **TARGET DEVICE** for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

*Items to be seized*

1. All records on **TARGET DEVICE** described in Attachment A that relate to violations of Title 21, United States Code, Section 841(a)(1), possession with the intent to distribute a controlled substance and involve BANKS:

    a. Electronic communications between BANKS and co-conspirators both known and unknown;

    b. lists of customers and related identifying information;

    c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    e. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned **TARGET DEVICE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| IN THE MATTER OF THE SEARCH OF ONE WHITE APPLE IPHONE | Case No. 1:23MJ50 |
|---|---|

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Special Agent Benjamin L. Crocker, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. Currently, I am investigating the drug distribution activities of Theodore MOYE in the Middle District of North Carolina. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of an electronic device which is currently in law enforcement possession, and the extraction from that device of electronically stored information described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since August 2019. I am a graduate of the Federal Law Enforcement Training Center ("FLETC") Criminal Investigator Training Program, as well as the ATF

National Academy, where I received extensive training in the investigation of firearms, controlled substances, arson, and explosives offenses. I have participated in investigations involving all these areas. Prior to my career with ATF, I worked for the South Carolina Highway Patrol in South Carolina for approximately 6 years. During my tenure with the South Carolina Highway Patrol, I served as a Patrolman, Advanced Special Response Team member, and on the Criminal Interdiction Team. During my career in law enforcement, I have been involved in numerous complex case investigations involving federal or state firearms and controlled substance violations. Prior to my career in law enforcement, I attended The Citadel and graduated in 2013 with a Bachelor of Arts Degree in Criminal Justice.

3. I am familiar with the ways in which narcotics traffickers conduct their business, including, but not limited to, their methods of acquiring and distributing narcotics, their use of telephones, and their use of code and slang words to conduct their transactions. I am familiar with practices used by traffickers involving the collection of proceeds of narcotics trafficking and methods of money laundering used to conceal the nature of the proceeds. I am also familiar with the common practice among narcotics traffickers to carry multiple phones and dispose of phones frequently to evade law enforcement detection of their illegal activities. I have conducted and assisted with numerous investigations regarding the unlawful possession, use, and

distribution of narcotics during my law enforcement career. As a law enforcement officer, I have used and/or participated in a variety of methods investigating firearm and drug related crimes, including, but not limited to, electronic and visual surveillance, witness interviews, the use of search warrants, the use of confidential informants, the use of pen registers/trap and trace devices, mobile tracking devices, and the use of undercover agents.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched shall be referred to as "**TARGET DEVICE.**" **TARGET DEVICE** is a white Apple iPhone with a black and white case. A photograph of **TARGET DEVICE** has been attached to this application for further identification.

6. **TARGET DEVICE** is currently located at the ATF Greensboro Field Office in Greensboro, North Carolina.

7. The applied-for warrant would authorize the forensic examination of **TARGET DEVICE** for the purpose of identifying electronically stored data more particularly described in Attachment B.

## PROBABLE CAUSE

8. During the month of October, an ATF Confidential Informant (CI)[1] stated THEODORE TELIK MOYE, JR., (MOYE) who had informed the CI that he sells firearms, narcotics, and is involved in fraud. On October 20, 2022, the CI arranged for, and an ATF Undercover Agent (UCA) ultimately purchased approximately 47.92 grams of marihuana from MOYE for $380. The transaction was audio/video recorded; funds utilized were also prerecorded. The DEA Lab later confirmed that the substance was in fact marihuana with a net weight of 42.8 grams.

9. On October 21, 2022, an UCA met with MOYE and purchased a 48-gram psychedelic mushroom edible bar for $80. The transaction was audio/video recorded; funds utilized were also prerecorded.

10. On October 31, 2022, an UCA met with MOYE and purchased a Glock pistol from MOYE for $850. MOYE was with a second individual and MOYE was armed with an AR Pistol during the transaction. The transaction was audio/video recorded; funds utilized were also prerecorded. As a result of the firearm being test fired, the test fired shell casing provided an investigative lead through NIBIN (National Integrated Ballistic Information

---

[1] The CI was compensated by ATF for his/her services and has a history of criminal convictions including at least one felony conviction.

Network) to an Aggravated Assault in Charlotte, North Carolina that was reported seven (7) days prior to the purchase.

11. On November 7, 2022, the CI arranged to purchase a firearm from MOYE. During the initial phone call to arrange the transaction, the CI informed MOYE that the CI had a bad record. On November 8, 2022, the transaction occurred. During the transaction the CI informed MOYE and an unidentified individual that the CI was a "felon" and MOYE still sold the CI the Taurus handgun for $750. The CI also purchased two (2) ounces of marihuana from MOYE while MOYE was in possession of an AR Pistol that was described as a "300 Blackout" caliber. The transaction was audio/video recorded; funds utilized were also prerecorded. The DEA Lab later confirmed that the substance was marihuana with a net weight of 50.0 grams.

12. On November 12, 2022, MOYE contacted the CI and offered to sell four (4) firearms for $5,000. On this same date, two (2) UCA's and the CI met with MOYE, and he provided UCA1 with three (3) firearms in return for $4,000. After the UCAs realized MOYE had shorted them a firearm, an argument was had with the CI and MOYE over the phone. MOYE did not provide the UCAs/CI with the additional firearm. During the pre-operation communication, MOYE referenced an altercation he was involved in at a local Quality Inn and agents learned after the operation that a state arrest warrant had been issued for MOYE'S arrest for assault related to the

incident. The transaction was audio/video recorded; funds utilized were also prerecorded. As a result of the firearm being test fired, the test fired shell casing provided an investigative lead through NIBIN (National Integrated Ballistic Information Network) to two (2) Aggravated Assaults in Charlotte, North Carolina; one (1) on or about September 13, 2022, and one (1) on or about October 29, 2022.

13. On January 12, 2023, MOYE and Keon James BANKS were arrested during buy/bust for approximately a quarter pound of marijuana. During the arrest, MOYE and BANKS attempted to flee from their vehicle and both MOYE and BANKS left firearms in their respective seats in the vehicle during their flight. Approximately 700 grams of suspected marijuana was found inside the vehicle and the short flight path of BANKS. After MOYE and BANKS were arrested, **TARGET DEVICE** was found on the ground near BANKS' path of attempted flight.

## TECHNICAL TERMS

14. Based on my training and experience, I use the following technical term to convey the following meanings:

    a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling

communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

16. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored

information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **TARGET DEVICE** was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **TARGET DEVICE** because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to

investigators. Whether data stored on a cellular telephone is evidence may depend on other information stored on the cellular telephone and the application of knowledge about how a cellular telephone behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **TARGET DEVICE** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **TARGET DEVICE** to human inspection in order to determine whether it is evidence described by the warrant.

18. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

Based on the preceding information, there is probable cause to believe that the named items and information more fully described in Attachment B, constituting evidence or fruits of violations of 21 U.S.C. § 841(a)(1) will be found in the **TARGET DEVICE** more fully described in Attachment A.

/S/ BENJAMIN L. CROCKER
Benjamin L. Crocker, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Dated: February 1st, 2023

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit.

_____
Honorable L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina